UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**05-11070 PBS** CIVIL ACTION NO:

| | |
|---|---|
| JOELE SPADA<br>Plaintiff | )<br>)<br>) |
| v. | ) MAGISTRATE JUDGE _____<br>) |
| STOP AND SHOP SUPERMARKET<br>COMPANY<br>Defendant | )<br>)<br>)<br>) |

RECEIPT # 64465
AMOUNT $250
SUMMONS ISSUED Yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK
DATE 5/23/05

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action under M.G.L. c.151B and 42 USC §2000e, for unlawful discrimination based upon gender. The action is brought by Joele Spada, a female who had worked for Stop and Shop Supermarket Company ("Stop and Shop") until May 2004 in an executive management position.

### JURISDICTION AND VENUE

2. Jurisdiction over this matter lies in this Court pursuant to 42 USC §2000e-5, 28 USC §1343, and 28 USC §1367 (Supplemental Jurisdiction).

3. Venue in this District Court is proper because the illegal employment practices complained of herein occurred in Quincy, Norfolk County, Massachusetts. Upon information and belief, the employment records related to Plaintiff's employment with Defendant are also located within Quincy, Norfolk County, Massachusetts.

1

4. On September 16, 2004, Ms. Spada filed a timely Charge of Discrimination on the basis of gender with the Massachusetts Commission Against Discrimination and the US Equal Employment Opportunity Commission.

5. Plaintiff has requested her Charge of Discrimination pending at the Massachusetts Commission Against Discrimination and US Equal Employment Opportunity Commission be withdrawn to allow her to file suit in Court. Those requests have been granted. On February 22, 2005 a Right to Sue letter was issued by the US Equal Employment Opportunity Commission in this matter. The Right to Sue letter was received by Ms. Spada on or after February 23, 2005. A copy of the Right to Sue letter is appended to this Complaint. Accordingly, Ms. Spada has exhausted her administrative remedies, and has timely filed this action.

**THE PARTIES**

6. Joele Spada is a resident of Quincy, Norfolk County, Massachusetts. She is a citizen of the United States. She is female.

7. Defendant Stop and Shop is a corporation with a principal place of business in Quincy, Norfolk County, Massachusetts. Stop and Shop was Plaintiff's employer within the meaning of M.G.L. c.151B §5, and a person within the meaning of M.G.L. c.151B §4. At all times relevant to this Complaint, it was Plaintiff's employer within the meaning of 42 USC §2000e, was engaged in an industry effecting commerce within the meaning of 42 USC §2000e, and in all other respects met all of the requirements for coverage under 42 USC §2000e. It is responsible for the illegal actions of Plaintiff's individual supervisors and managers set forth in this Complaint.

8. At all times relevant to this Complaint, Plaintiff performed her job in at least a satisfactory manner.

**FACTUAL BACKGROUND**

9. Until May 10, 2004 Ms. Spada was actively working for Stop and Shop as Director of In- Store and Commercial Bakeries. At that time she had to stop working for Stop and Shop as it was mentally and physically impossible for her to do so anymore, due to the impact that Stop and Shop's discriminatory actions against her were having on her emotionally.

10. Stop and Shop's actions towards Ms. Spada resulted in the termination of her employment with Stop and Shop being a compelled/coerced resignation, and an involuntary termination of employment. If not for Stop and Shop's illegal actions towards Ms. Spada and the reaction she had to its actions, in other words her physical and mental inability to continue working for Stop and Shop, Ms. Spada would have continued in her career with Stop and Shop into the future.

11. At the time she last worked for Stop and Shop on May 10, 2004, Ms. Spada had been employed by Stop and Shop for over twelve years. During her employment with Stop and Shop her work had always been excellent. Until shortly before her termination of employment, Ms. Spada had received numerous promotions and acknowledgments for her work. She was, and she had always been, a dedicated and hardworking employee. As is set forth in greater detail below, Ms. Spada suffered a compelled/coerced resignation from her job with Stop and Shop as she had been treated in an unfair and discriminatory manner due to her being female, once she reached a certain level in the management structure at Stop and Shop, and she was treated in a less favorable manner than similarly situated male employees.

12. In the months before the termination of her employment, Ms. Spada was treated unfairly and in a discriminatory manner by her supervisors at Stop and Shop, due to her gender, to the point

3

that she was no longer able to work for Stop and Shop. Although the discrimination against Ms. Spada due to her gender only reached the level where it was intolerable in the months prior to the termination of Ms. Spada's employment, Ms. Spada had been subjected to discriminatory treatment by Stop and Shop for many years.

13. The discriminatory treatment Ms. Spada suffered as one of the highest level female employees of Stop and Shop, was similar to the discriminatory treatment accorded to other higher level female employees working for Stop and Shop. Ms. Spada believes that for many years Stop and Shop had an unwritten policy and practice of limiting the advancement of female managers within the company, and treating female managers less favorably than similarly situated male employees in terms of pay, performance and other terms and conditions of employment.

14. On or about May 10, 2004, Ms. Spada was forced to take a medical leave of absence due to work related stress. The stress Ms. Spada was undergoing was directly caused by and directly related to the unfair treatment she had been undergoing at the hands of Stop & Shop management for many years. The unfair treatment Ms. Spada was forced to undergo came to a head in the time immediately prior to May 2004, due to the fact that despite Ms. Spada's excellent job performance in terms of objective criteria (both numerical criteria and otherwise) Ms. Spada received a poor performance review, was placed on an official warning and was led to believe that her employment might be in jeopardy.

15. Ms. Spada had been an employee of Stop and Shop for over twelve years. During that time, Ms. Spada received numerous promotions and accolades. By any objective standard, Ms.

4

Spada's job performance (both in the past and up through the time of her termination) was excellent. Ms. Spada had developed a reputation within Stop and Shop for being an extremely efficient, effective and aggressive manager. Ms. Spada was known to meet her goals and to motivate those she supervised to meet their own goals as well.

16. Despite her excellent performance and fine reputation, in the performance evaluation which she received on or about April 2004, Ms. Spada was given a negative assessment for her work performance. This assessment was unfair, and was not an accurate evaluation of the quality of Ms. Spada's work. Indeed, it was grossly incorrect and unfair.

17. Prior to this April 2004 review, Ms. Spada had never been told that she had performance problems. After this review, Ms. Spada's supervisor came to her and apologized for this particular performance review, and said that he would correct it (which he never did).

18. Ms. Spada's discussion with her immediate supervisor Mr. Michael Bettencourt, about her job performance and her future with Stop and Shop was even more contrary to her work record. Specifically, Mr. Bettencourt, informed Ms. Spada on or about May 7, 2004 that she was on an official warning because she was "not humble," she had been "barking orders," and she was "aloof." Ms. Spada was informed that she needed to be more humble, that she needed to improve her attitude and demeanor and that it was unacceptable that field representatives called her "the queen." Ms. Spada was informed that she intimidated people she worked with including upper management at Stop & Shop. Ms. Spada was told that despite her talents, she needed to change her personality and that changing her personality was critical to maintaining her position with the company.

5

19. At the level she was working in at Stop and Shop in 2004, with one more promotion Ms. Spada would have been made a Vice President and effectively would have broken through the "glass ceiling" at the company. Ms. Spada was qualified to be a Vice President, and she should have been a Vice President, based upon her qualifications, experience and accomplishments. Ms. Spada had not reached the level of Vice President, and was prevented from becoming a Vice President, due to gender discrimination against her.

20. The various subjective criticisms made about Ms. Spada regarding her attitude, her demeanor, the need to change her personality and the need for her to be "more humble," are examples of sexual stereotyping against Ms. Spada by her superiors. They were also code words for telling Ms. Spada that her superiors were uncomfortable with the fact that she was a woman. The same qualities Ms. Spada demonstrated in the workplace and was criticized for would have been valued and rewarded, at the highest levels of Stop & Shop, if Ms. Spada were a man. Ms. Spada was able to utilize all of these management qualities to her advantage until she hit the "glass ceiling" at Stop and Shop for female senior managers.

21. During the course of Ms. Spada's lengthy management career with Stop and Shop, she was underpaid for the work that she did. Consistently throughout the course of her Stop and Shop career, Ms. Spada was paid less than male managers working at the same level and performing comparable work, whose job performance was either the same or not as good as that of Ms. Spada. Ms. Spada's work in the Human Resources area at Stop and Shop has also reinforced her knowledge of the "glass ceiling" which exists at Stop and Shop, as well as the various difficulties faced by female managers.

22. Over the course of Ms. Spada's career with Stop and Shop, as a result of being a female manager:

    1. Ms. Spada was not given the same opportunities for advancement as were her male peers.
    2. Ms. Spada was not rewarded to as great an extent, financially or in terms of job status or otherwise, as were her male peers for similar work performance.
    3. Ms. Spada was not treated the same way as her male peers in terms of her pay, working conditions and terms of employment.
    4. Ms. Spada was told to be quiet about her accomplishments and qualifications, so she would not give the impression that that she was being "superior" or acting as if she was "better than" her peers.

23. While Ms. Spada was in upper level management with Stop and Shop, there was a disproportionately small number of female managers at the higher management levels. It was also well known by management and Ms. Spada's supervisors and managers that Ms. Spada did not fit in with the "old boy network" at Stop and Shop.

24. The results Ms. Spada obtained in her job were highly desired by Stop and Shop management, but management was uncomfortable with the fact that the aggressive, hard-nosed approach required to obtain these results was engaged in by Ms. Spada, a woman.

25. The discriminatory and unfair treatment Ms. Spada was subjected to, made it impossible for her to continue working under such circumstances. The unfair treatment she had to undergo in the Spring of 2004 (as discussed above) caused her great emotional distress, exacerbating her pre-existing anxiety disorder to a level where she had to take a medical leave of absence from work, from which she never returned. Ms. Spada had been treating with a psychiatrist since before the events at work of Spring 2004, and after the events of May 2004, she told Ms. Spada that Ms. Spada should not return to work at Stop and Shop at that time. Ms. Spada did not return

to work at Stop and Shop after May 10, 2004.

26. Stop and Shop is fully responsible for the actions of Ms. Spada's managers and supervisors set forth in this Complaint. By the actions set forth above, Stop and Shop has engaged in discrimination against Ms. Spada, and denial of her civil rights. The actions of Stop and Shop have caused Ms. Spada severe emotional pain and suffering, as well as financial harm. Ms. Spada's reputation has been tarnished and irreparably damaged. Ms. Spada's career has been damaged due to these actions. All Ms. Spada wanted to do was to be able to do her job, without being the subject of unfair treatment due to her gender. The injuries Ms. Spada has been caused to suffer by Stop and Shop will continue into the future.

27. The actions of Stop and Shop towards Ms. Spada were intentional, knowing and willful. Its actions constitute discrimination on the basis of gender, in violation of Massachusetts General Laws Chapter 151B and 42 U.S. Code section 2000e.

**COUNT 1:   AGAINST STOP AND SHOP FOR DISCRIMINATION ON THE BASIS OF GENDER IN VIOLATION OF M.G.L. c.151B**

28.   Plaintiff realleges and incorporates by reference as if fully set forth herein, ¶1-27 above.

29.   By its actions set forth above, Defendant Stop and Shop has engaged in discrimination against Joele Spada on the basis of gender, in violation of M.G.L. c.151B.

WHEREFORE, Plaintiff demands that this Court enter Judgment in her favor and against Defendant Stop and Shop, in an amount to be determined by this Court, including monies to compensate her for lost pay, lost benefits, punitive damages, emotional pain and suffering, interest, costs and attorney's fees, that she be reinstated to her job with Defendant, that she be ordered promoted to an appropriate job with Defendant, and such other and further relief that this Court deems just and proper.

## COUNT II: AGAINST STOP AND SHOP FOR DISCRIMINATION ON THE BASIS OF GENDER IN VIOLATION OF 42 U. S. Code Section 2000e

30.    Plaintiff realleges and incorporates by reference as if fully set forth herein, ¶1-29 above.

31.    By its actions set forth above, Defendant Stop and Shop has engaged in discrimination against Joele Spada on the basis of gender, in violation of 42 U.S. Code Section 2000e.

WHEREFORE, Plaintiff demands that this Court enter Judgment in her favor and against Defendant Stop and Shop, in an amount to be determined by this Court, including monies to compensate her for lost pay, lost benefits, punitive damages, emotional pain and suffering, interest, costs and attorney's fees, that she be reinstated to her job with Defendant, that she be ordered promoted to an appropriate job with Defendant, and such other and further relief that this Court deems just and proper.

## JURY TRIAL DEMAND
## PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL ISSUES AND COUNTS SO TRIABLE

Respectfully submitted,
JOELE SPADA
By her Attorney,

Mitchell J. Notis, BBO# 374360
LAW OFFICE OF MITCHELL J. NOTIS
370 Washington Street
Brookline, MA 02445
Tel.: 617-566-2700

9

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: Joelle Spada<br>67 Village Drive<br>Quincy, MA 02169 | From: Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16C-2004-02663 | Rance A. O'Quinn,<br>Enforcement Supervisor | (617) 565-3192 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

[signature]

FEB 2 2 2005
*(Date Mailed)*

Enclosure(s)
Robert L. Sanders,
Area Office Director

cc:  THE STOP & SHOP SUPERMARKET COMPANY          Mitchell Jay Notis
     Po Box 369                                    Attorney At Law
     Boston, MA 02101                              370 Washington Street
                                                   Brookline, MA. 02445


UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Joele Spada vs. Stop and Shop Supermarket Company**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - ~~I.~~   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
   - II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases
   - III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.
   - IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.
   - V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.   **N/A**

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)
   YES ☐   NO ☒
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME **Mitchell Notis**
ADDRESS **Law Office of Mitchell Notis, 370 Washington St, Brookline, MA 02445**
TELEPHONE NO. **617 566-2700**

(CategoryForm.wpd -5/2/05)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Joele Spada

**(b)** County of Residence of First Listed Plaintiff  Norfolk
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)  BBO #374360  617-566-2700
Mitchell Notis  370 Washington St, Brookline, MA 02445
Law Office of Mitchell Notis

**DEFENDANTS**
Stop and Shop Supermarket Company

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)  N/K

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

(watermark: 05-11070 PBS)

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act |  | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC §2000e
Brief description of cause:
Discrimination in employment due to sex

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**  (See instructions): N/A
JUDGE _____   DOCKET NUMBER _____

DATE  5/23/05
SIGNATURE OF ATTORNEY OF RECORD  [signature]

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE