-UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOELE SPADA,<br><br>    Plaintiff,<br><br>v.<br><br>STOP AND SHOP SUPERMARKET COMPANY,<br><br>    Defendant. | Civil Action No. 05-11070-PBS |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Pursuant to Rules 7, 8 and 12 of the Federal Rules of Civil Procedure, the Defendant, The Stop & Shop Supermarket Company LLC ("Defendant," "Stop & Shop" or the "Company"), hereby answers Plaintiff Joele Spada's ("Plaintiff's" or "Spada's") Complaint in the above-captioned action in the following manner:

**INTRODUCTION**

  1.  Paragraph 1 of the Complaint contains introductory statements, arguments and conclusions of law to which no response is required. To the extent a response is required, Defendant admits that Spada is female and that Stop & Shop employed her in an executive management position until she resigned in September 2004; and Defendant denies the remaining allegations, introductory statements, arguments and legal conclusions contained in Paragraph 1 of the Complaint.

**JURISDICTION AND VENUE**

  2.  Paragraph 2 of the Complaint contains conclusions of law to which no response is required.

3.  Paragraph 3 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant admits that the employment records related to Plaintiff's employment with Defendant are located within Quincy, Norfolk County, Massachusetts; and Defendant denies the remaining allegations contained in Paragraph 3 of the Complaint.

4.  Defendant admits that Plaintiff filed a Charge of Discrimination on the basis of gender with the Massachusetts Commission Against Discrimination and the U.S. Equal Employment Opportunity Commission on September 16, 2004. Defendant denies the remaining allegations contained in Paragraph 4 of the Complaint.

5.  Defendant admits that a copy of a Right to Sue letter from the U.S. Equal Employment Opportunity Commission to Plaintiff is appended to the Complaint. Defendant has insufficient knowledge to admit or deny the remaining allegations contained in Paragraph 5 of the Complaint.

**THE PARTIES**

6.  Defendant admits that Spada is female. Defendant has insufficient knowledge to admit or deny the remaining allegations contained in Paragraph 6 of the Complaint.

7.  Paragraph 7 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant admits that it is a corporation with a principal place of business in Quincy, Norfolk County, Massachusetts, that it was Plaintiff's employer, and that it is engaged in an industry effecting commerce. Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint.

8.  Defendant denies the allegations contained in Paragraph 8 of the Complaint.

**FACTUAL BACKGROUND**

9.  Defendant denies the allegations contained in Paragraph 9 of the Complaint.

...

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint contains arguments and conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations, arguments and legal conclusions contained in Paragraph 27 of the Complaint.

## COUNT I
## GENDER DISCRIMINATION UNDER M.G.L. c. 151B

28. Paragraph 28 of the Complaint is a statement of incorporation and does not require a response from Defendant.

29. Paragraph 29 of the Complaint contains arguments and conclusions of law to which no response is required. To the extent a response is required, Defendant denies those arguments and legal conclusions.

## COUNT II
### GENDER DISCRIMINATION UNDER 42 U.S.C. § 2000e

30. Paragraph 30 of the Complaint is a statement of incorporation and does not require a response from Defendant.

31. Paragraph 31 of the Complaint contains arguments and conclusions of law to which no response is required. To the extent a response is required, Defendant denies those arguments and legal conclusions.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As to each Count, Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims rely on acts allegedly occurring more than 300 days prior to the filing of Plaintiff's Charge of Discrimination with the Massachusetts Commission Against Discrimination and the U.S. Equal Employment Opportunity Commission, such claims are time-barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that she fails to set forth a prima facie case of gender discrimination under Mass. Gen. Laws ch. 151B or Title VII of the Civil Rights Act of 1964.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not actionable because any employment decisions challenged in her Complaint were justified by legitimate, non-discriminatory, and non-pretextual business reasons.

## FIFTH AFFIRMATIVE DEFENSE

Defendant has complied with all laws and regulations and otherwise satisfied its statutory obligations toward Plaintiff under Mass. Gen. Laws ch. 151B and Title VII of the Civil Rights Act of 1964.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because Plaintiff cannot establish the elements of a constructive discharge.

## SEVENTH AFFIRMATIVE DEFENSE

Without conceding that Plaintiff has suffered any damages as a result of any purportedly wrongful act of the Defendant, the Plaintiff has failed to mitigate her damages.

## **RESERVATION OF RIGHTS CLAUSE**

Defendant reserves its right to amend its answers and to assert any additional affirmative defenses as may become available or apparent during the course of discovery in this case.

Respectfully submitted,

**DEFENDANT
THE STOP & SHOP SUPERMARKET
COMPANY LLC**

By its Attorneys,

/s/ Daniel B. Klein
Daniel B. Klein (BBO # 638059)
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210
(617) 946-4800

DATED: October 17, 2005

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY THAT, a copy of the foregoing document has been served this 17th day of October, 2005, via regular U.S. mail, postage prepaid, upon counsel for the Plaintiff:

Mitchell J. Notis, Esq.
Law Office of Mitchell J. Notis
370 Washington Street
Brookline, MA 02445

/s/ Daniel B. Klein
Daniel B. Klein

BO1 15741673.1